## Gray v. Board of Prison Commissioners of Kentucky.

(Decided December 15, 1914.)

### Appeal from Franklin Circuit Court.

Prisons—Parole or Discharge of Prisoner.—Where a prisoner was convicted in 1906 of the crime of murder and his punishment fixed at confinement for life, he is not entitled to a parole as a matter of right after serving five years, having gained no rights under the Parole Act of 1910 of that nature.

JAMES H. POLSGROVE for appellant.

JAMES GARNETT, Attorney General, and CHARLES H. MOR-RIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming,

Appellant, Clarence Gray, was tried and convicted in the Bell Circuit Court in January, 1906, of the crime of murder, and his punishment fixed at confinement for life in the penitentiary. He was committed to and received into that institution December 16, 1906.

On January 21, 1913, he applied to the Board of Prison Commissioners for a parole, which being denied, he sought to coerce by a mandamus proceeding instituted against the Board, in the Franklin Circuit Court. The court sustained a demurrer to his petition and dismissed the action; and he appeals.

He claims that he is entitled to a parole under the provisions of the Parole Act of 1910 (Acts 1910, page 61). That Act provides that "no person shall be eligible to parole or entitled to the provisions of this Act until he shall have served the minimum term of imprisonment provided by law for the crime for which he was so committed except prisoners committed for life who shall have actually served five years."

It was held in Board of Prison Commissioners v. Smith, 155 Ky., 427, that prisoners who were convicted of crimes before the enactment of the Indeterminate Sentence Law of 1910 were not entitled to a parole under the Parole Act of 1910 as a matter of right, but may be paroled only in the discretion of the Board of Prison Commissioners.

And in Board of Prison Commissioners v. DeMoss, 157 Ky., 303, it was said that prisoners convicted before the enactment of the Indeterminate Sentence Law, whose

punishment was fixed by a jury at confinement for life, may after serving five years be paroled in the discretion of the Board of Prison Commissioners, under the former Parole Law of 1888 and 1900.

These cases are here controlling and conclusively deny to appellant a parole as a matter of right.

Judgment affirmed.